Decided 10 July, 1899.

## STATE v. WONG GEE.

[57 Pac. 914.]

1. POSTPONEMENT OF TRIAL—DISCRETION.—Where it does not appear what certain absent witnesses were expected to prove, nor that their testimony would be material if produced, it was not an abuse of discretion for the court to refuse to postpone the trial until these witnesses could be obtained: *State* v. *Fiester*, 32 Or. 254, cited.

2. EVIDENCE OF THREATS AND OTHER CRIMES.—In a prosecution for homicide, it appeared that defendant had threatened to kill the deceased and a third person, and that, at the time of killing the deceased, defendant had also shot and injured such third person. *Held* that, as the threats against such third person and the assault upon him were a part of the same transaction as the homicide, evidence of them was properly admitted.

From Union :   ROBERT EAKIN, Judge.

Wong Gee was convicted of murder in the second degree, and appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. L. A. Esteb.*

For the state there was a brief over the names of *Samuel White*, District Attorney, *D. R. N. Blackburn*, Attorney-General, and *Thos. G. Hailey*, with an oral argument by *Mr. White.*

MR. JUSTICE BEAN delivered the opinion of the court.

1.    The defendant was convicted of murder in the second degree, and appeals, assigning error in overruling his application for a postponement of the trial, and in the admission of certain testimony.   The record shows that he was indicted on Thursday, the sixth of October, 1898, arraigned on the same day, and given until the following morning at 9 o'clock to plead.   He appeared in person and by his attorney at the hour fixed, and entered a plea of not guilty, and, upon inquiry by the court as to when he could be ready for trial, his counsel said

that he had just been employed; that his client could
not speak the English language; that he had not talked
with him, and had no time in which to make prepara-
tions for the trial; that the witnesses for the defendant
were all Chinese, some of them being out of the county;
and that he thought it impossible to be ready for trial
within a week. The court, however, set the trial for the
following Monday, at 1:30 P. M., at which time the de-
fendant's counsel informed the court that the sheriff had
not made a return of the subpœnas issued for witnesses
on behalf of the defendant, and that he had no assurance
that they would be subpœnaed or present at the trial,
and therefore objected to calling a jury at that time, and
asked for a continuance until the subpœnas should be
returned. The court overruled his objection, and pro-
ceeded with the impaneling of the jury, saying that no
evidence would be taken until the following morning.
On the next day, and before the trial commenced, the
defendant's counsel stated to the court that the subpœnas
theretofore issued had been returned by the sheriff, with
the indorsement that the persons named therein could
not be found within his county, and that one of the wit-
nesses, named Lee Bing, who resided at Sumpter, in
Baker County, had been notified by the sheriff, over
the telephone, of the subpœna issued for him, and had
promised to be in attendance at the trial to testify in be-
half of the defendant, but had failed to comply with his
promise; and thereupon asked for a postponement of
forty-eight hours, to enable him to procure the attend-
ance of the witnesses for whom subpœnas had been
issued, and for a bench warrant for the witness Lee Bing.
At this time defendant's counsel offered to make an affi-
davit for continuance, and was directed by the court to
dictate it to the stenographer, which the record shows
was done accordingly, but it is not to be found in the

record. These several motions and objections were overruled, and constitute the first assignment of error relied upon for a reversal of the judgment. An application for the postponement of a trial is addressed to the sound discretion of the trial court, and its action thereon will not be reviewed or disturbed on appeal, except for abuse of discretion: *State* v. *Fiester*, 32 Or. 254 (50 Pac. 561). It is nowhere shown that the witnesses described by the defendant, if present at the trial, would have testified to any fact material to the defendant's case. There is no statement to be found anywhere in the record of what the defendant expected to prove by them, and no showing as to the materiality of their testimony. Under these circumstances, there was manifestly no abuse of discretion in denying the application for a postponement of the trial.

2.  The remaining assignments of error relate to the ruling of the trial court in admitting testimony tending to show that, at the time of the homicide, the defendant attempted to and did inflict bodily injury upon one Jo Boo, by shooting him with a pistol, and that three or four days before the homicide he threatened to shoot him and the deceased. But this testimony was competent. The killing occurred during a quarrrel over a gambling game which was being conducted by the deceased and Jo Boo, and the shooting of the latter was a part of the same transaction. It was impossible to detail the entire occurrence without giving evidence of the attempt to shoot Jo Boo as well as the deceased. So, too, with reference to the threats alleged to have been made by the defendant a few days before the homicide, they were a part of one and the same conversation or statement made by the defendant. There being no error in the record, the judgment of the court below must be affirmed, and it is so ordered.          AFFIRMED.