Argued April 7, reversed and remanded May 11, 1960

# STATE OF OREGON *v.* WILSON
### 351 P. 2d 944

*Glenn D. Ramirez,* Klamath Falls, and *Joseph O.*

*Stearns,* Portland, argued the cause for appellant. On the briefs were Joseph O. Stearns, Portland, and Ramirez & Redding, Klamath Falls.

*O. W. Goakey,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief was Arthur A. Beddoe, District Attorney, Klamath Falls.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN and HARRIS, Justices.

GOODWIN, J.

The defendant, Wilson, appeals from a conviction of larceny after a jury trial in Klamath County.

Wilson was jointly indicted with one Shafer, whose case is decided today. Wilson's trial followed by one week the trial of Shafer before the same jury panel after all jurors who had served in the Shafer trial had been excused by the court. We do not approve the practice followed, but no timely exception was taken. A fresh jury panel is less likely to be infected with undisclosed prejudgment that one having just completed a celebrated companion case.

The evidence was not the same in both cases, but was similar in many respects. See *State v. Shafer,* 222 Or 230, 351 P2d 941.

The principal question on this appeal is whether the defendant should have been allowed a new trial because of alleged errors in the taking of testimony.

The alleged theft had attracted more than passing notice in the community, and like the Shafer case, supra, this case was vigorously prosecuted and defended.

Defendant began by a motion for a change of

venue which was denied. He assigns error. The motion was supported by recitals of opinion only. Nothing appears in the record to demonstrate abuse of discretion by the trial court.

■■ The next assignment of error combines two distinct questions, the sufficiency of the evidence and a purported fatal variance. The evidence, with no significant omissions from that presented by the state in the Shafer case, supra, was sufficient to go to the jury. The variance claimed by Wilson is that the indictment alleged the stolen cow was branded with a VK-connected on the right shoulder whereas in truth the cow was branded with a VK-connected on the leading edge of her rib cage. The state's photograph shows the brand to be on the ribs under any ordinary understanding of bovine anatomy, but we believe the variance was not fatal as there was no lack of identification or certainty in the indictment. The charge was that the said cow was then and there the property of one VanderKamp. VanderKamp testified that the cow was his. He described how he tried to brand her on the shoulder as his iron is registered, but that she moved, as cows will, and the iron struck a few inches off target. The assignment is without merit.

The third assignment of error is a repetition of that part of the second which challenged the sufficiency of the evidence, and requires no further comment.

■ The fourth assignment of error challenges the rulings of the court which permitted local cattlemen to testify as experts that the VK brand was on the shoulder instead of on the ribs. The jury saw the cow. The brand was on the ribs. The entire testimony concerning location of the brand on the cow was redundant, as the photographs and the jury view disposed of the question. There was no error which could

have prejudiced the defendant. The question for the jury was the ownership of the cow and its identity as the cow found in the recent possession of the defendant. Whether the district attorney committed a fatal blunder in describing the brand in the indictment as it is registered with the state brand office in the Department of Agriculture presents a question of law only.

The fifth assignment of error challenges the rulings of the court which permitted the state over the timely objections of the defendant to show that other cattle of dubious title were found on the ranch where the cow described in the indictment was found. The defendant contends that the court erroneously opened the door to proof of other crimes. The state contends that the testimony concerning other branded cattle which had been reported missing and which had been found with the VK cow was offered merely to show motive and intent, and to rebut any inference that the cow in question was an estray being harbored by an innocent agistor.

The state is entitled to show in a larceny trial that the stolen property was found with other stolen property under circumstances tending to prove a single transaction and felonious intent. *State v. O'Donnell,* 36 Or 222, 61 P 892. Proof of other crimes when directly connected with the crime charged is covered at length in *State of Oregon v. Long,* 195 Or 81, 112, 244 P2d 1033. The state is not permitted, under an indictment charging the theft of one cow, and without evidence connecting other cattle with the transaction, to put on testimony of brand inspectors to the effect that a number of other cattle had been reported stolen, that some of the reported cattle bore brands found among the cattle at the defendant's place, and then leave an unmistakable inference to the jury that the defendant

had been making a practice of stealing cattle. *State v. O'Donnell,* supra, and see *State v. Willson,* 113 Or 450, 478, 230 P 810, 233 P 259, 39 ALR 84. It is one thing to connect by admissible evidence all the parts of a cattle-stealing enterprise and to show a single transaction if such be the case. It is quite another to permit hearsay and speculative evidence of other disconnected crimes to go before the jury under the cover of the exception to the exclusionary rule. The erroneous admission of the testimony excepted to in the fifth assignment of error was prejudicial and the judgment must be reversed.

In view of another trial it is necessary to consider other assignments of error.

The sixth assignment of error relates to the refusal of the court to give certain requested instructions. The charge to the jury fairly stated the issues and the law, and we believe that the instructions given by the trial court were free from reversible error.

The seventh assignment of error relates to alleged misconduct by the district attorney in the severity of his examination of the defendant's sister-in-law who had testified for the state in earlier proceedings and who did not live up to the district attorney's expectations in the Wilson trial. We have carefully reviewed the transcript and find that the district attorney, while he bore down on the witness, did not violate his duty to the court or to the state in this respect.

The seventh assignment of error also contains a further purported ground for a mistrial based on inflammatory argument by counsel. The error is not properly before this court because the alleged argument to the jury was not reported. The only record of the episode is an affidavit of counsel. While we would not ordinarily notice this purported assignment of

error, and specifically decline to weigh it in this case, another trial makes it proper to admonish the district attorney. If the error had been preserved in the record, it would have been reversible. The district attorney is reputed to have said in his final argument: "If you fail to convict, you may expect the cattlemen of the Klamath Basin to resort to the rope and the .30-.30." The trial judge is said to have replied to the objection by the defense counsel:

"I am not going to tell a lawyer how to argue his case."

■ If the argument was made as alleged, the proper conduct of the trial would have required an immediate reprimand to counsel and an admonition to the jury to disregard. A mistrial could well have been allowed at that point. Arguments which are fairly intended to quicken the jury's sense of duty are proper. *State v. Black*, 150 Or 269, 42 P2d 171, 44 P2d 162. But arguments which tend to inflame, threaten the community with mob violence, or to coerce a jury into a conviction are improper and constitute reversible error when properly preserved in the record. See cases in Note, 51 LRA(NS) 914.

Reversed and remanded.