Argued April 3, affirmed April 24, 1963

STATE OF OREGON *v.* OTTEN

380 P. 2d 812

*John C. Anicker, Jr.,* Oregon City, argued the cause and submitted a brief for appellant.

*Donald B. Bowerman,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was William E. Schumaker, District Attorney, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

The defendant, Anthony Otten, was convicted by a jury in the circuit court for Clackamas county of the crime of assault and robbery while armed with a dangerous weapon, and sentenced to the penitentiary for life. He appeals.

The two questions presented are whether the court erred in denying defendant's motion for a continuance, and whether a violent and profane outburst by defendant during the district attorney's closing argument entitles defendant to a new trial.

The state offered convincing evidence that defendant and an unidentified accomplice entered the Self Service Market located about seven miles north of Oregon City at about 11:00 o'clock p.m. on April 23, 1962; that defendant pointed a revolver at the cashier, and forced him to hand over the money from the cash register. The defendant and his accomplice fled after forcing the cashier and a customer to lie on the floor at the rear of the store where the customer's wallet was taken from him. The evidence further showed that the defendant and two companions were at the Falls View Tavern in Oregon City on April 23, from about 4:30 p.m. to about 9:30 p.m., when they left and returned again sometime after 11:30 p.m., and remained until closing time. The billfold that was taken from the customer was found on the day following the robbery in the parking lot of the Falls View Tavern.

The defendant relied entirely on the alibi that he was in Albany when the Self Service Market was robbed. Albany is about 70 miles south of the scene of the crime. He testified that he had spent the evening of April 23, at the Lady Gay Tavern in Albany in the company of Jack McReynolds, Nelda Mills, Dotty Thompson, Hank Manning, Dick Spencer and others, and that he had checked into the Albany Hotel about 10:30 p.m. on that day. Subpoenas were issued one week before the trial to the sheriff of Linn county for service on Nelda Mills, Dotty Thompson, Jack McReynolds, Ann Sorensen and Caroline Porter. The latter three appeared for the trial in response to the subpoenas, but the defendant called as witnesses only Jack McReynolds and Caroline Porter. Neither witness was able to corroborate defendant's alibi. McReynolds testified that he had spent some time with defendant in Albany, but could not remember any specific date. Caroline Porter testified that defendant had checked into the Albany Hotel at 11:00 o'clock a.m. on April 23, instead of at about 10:30 p.m. on that day as testified by defendant. Ann Sorensen was not called because she "could add nothing."

The trial commenced on Friday, July 13, 1962, and was concluded on the same day. At about 4:00 o'clock in the afternoon, after presenting all of his testimony then available, defendant moved that the trial be adjourned until the following Monday morning, as follows:

"MR. ANICKER: May it please the Court, on behalf of Mr. Otten I delivered over certain subpoenas to the Sheriff of Linn County in Albany, and responding to the subpoenas were Jack McReynolds, who testified, Ann Sorensen, who is here but could add nothing, Mrs. Porter from the hotel, and I guess that's it. Subpoenas weren't served

on Dotty Thompson and Nelda Mills, apparently, or else they didn't show. The Sheriff of Albany has not advised me one way or another as to whether he has served those subpoenas on Dotty Thompson and Nelda Mills, who were two of them on the top of our list as far as priority is concerned. Again it's a situation, we don't know what their recollection will be. We couldn't tell you exactly what they will say, but they are two of them that Mr. Otten claims to have been with that evening and also one Hank Manning that he was also with on that evening that he mentioned on the stand.

"I don't know at this point in the proceeding that I could move it be continued until Monday morning and see if we could locate those people, and whether they were served with subpoenas. I hate to put it over. On the other hand, their testimony, if we can get it, might be very important for his defense.

"THE COURT: If you can advise the court as to what testimony of these parties would be if they were present as witnesses and whether they have been actually served with subpoenas, the Court would consider an application for a continuance, Mr. Anicker, but if not, the Court could not entertain such."

After further colloquy between the court and counsel the court denied the motion as follows:

"THE COURT: Well, if you are able to advise the Court, Mr. Anicker, that these witnesses, if present, would testify with respect to any material fact in this case, I would be willing to grant your motion, but under the circumstances I will not grant your motion. The motion will be denied."

■ A motion for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed upon appeal except for

an abuse of that discretion. *State v. Cole,* 233 Or 141, 377 P2d 168 (Dec. 31, 1962), *State v. Blount, Sr.,* 200 Or 35, 52, 264 P2d 419, 44 ALR2d 711, cert. denied, 347 US 962, 74 S Ct 711, 98 L Ed 1105 (1954); *State v. Finch,* 54 Or 482, 487, 103 P 505 (1909); *State v. Wong Gee,* 35 Or 276, 278, 57 P 914 (1899); *State v. Fiester,* 32 Or 254, 259, 50 P 561 (1897); *State v. O'Neil,* 13 Or 183, 185, 9 P 284 (1886).

■ We have carefully reviewed the record and are satisfied that the trial court did not abuse its discretion in refusing to adjourn the trial to permit defendant further time to procure evidence in support of his defense of alibi. There was no showing that the witnesses could have been produced, or that if produced they would have testified to any fact material to the defendant's case.

■ Defendant's second assignment of error alleges that defendant was denied a fair and impartial trial because the jury was incited to passion and prejudice against defendant by his violent and profane outburst directed at the district attorney during his closing argument. The court was not requested to declare a mistrial or to take other remedial action. Defendant's outburst was apparently of brief duration and effectively controlled by the experienced trial judge. If a motion for mistrial had been made and denied, we would find no abuse of discretion, and this court certainly would not be justified in granting a new trial *sua sponte.*

Defendant offered no objections to any of the evidence offered by the state, and took no exception to the instructions to the jury. He had a completely fair trial, and the judgment of the lower court is affirmed.