Argued December 4, 1963, affirmed January 15,
petition for rehearing denied April 28, 1964

# STATE OF OREGON v. HOWELL

388 P. 2d 282

*Frank E. Bocci,* Eugene, argued the cause and filed a brief for appellant.

*William F. Frye,* District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

LUSK, J.

The defendant was convicted of the crime of burglary not in a dwelling and has appealed.

The indictment charged that the defendant "on the 19th day of November, 1962 * * * acting together and in pursuance of a common intent with James Edward Hotaling, did then and there wilfully break and enter the Creslane Grade School building in Creswell through an outer door thereof with the intent to steal property then kept therein * * *."

Error is assigned to the court's denial of defendant's motion for a directed verdict based on claimed insufficiency of the evidence. Some of the evidence for the state was furnished by Mrs. Alohoa Vivian Chaney, who, the defendant says, was an accomplice, and it is argued that her testimony was not corroborated.

It is conceded by the defendant that the evidence establishes that early on the morning of November 19, 1962, a burglary was committed in the Creslane Grade School building in Creswell, a town located about 15 miles south of Eugene in Lane county.

Mrs. Chaney testified, in substance, that on the afternoon and evening of November 18, 1962, she was with the defendant and Hotaling, who is named in the indictment, in defendant's automobile, and that they visited several taverns where they indulged in a good deal of drinking. During this time the defendant and Hotaling talked about going to the schools and dividing the money. Later they drove to the vicinity of two school buildings in Creswell, the Creswell Upper Elementary School and the Creslane Grade School. They parked first near the Creswell Upper Elementary School and the defendant and Hotaling got out, taking with them two screwdrivers and three cotton gloves which were in the car. Because the defendant's right hand was in a half cast he took only one glove. On returning to the car they talked about a safe which they were unable to open because they needed a "heavier bar." They then drove to the Creslane Grade School, five blocks away, and again the defendant and Hotaling left the car, taking with them the gloves and screwdrivers, as before. Upon their return Hotaling had in his possession a quantity of money, much of it pennies and silver which they divided. The defendant's share, including a roll of pennies, was put in Mrs. Chaney's purse.

About 4:10, a.m., the defendant, still accompanied by the other two, was driving his car through the town of Veneta when he was arrested by a Lane county deputy sheriff for driving while under the influence of intoxicating liquor. The deputy found in the car a roll of nickels and a screwdriver. Later in the morning the car was searched and three cotton gloves and two screwdrivers were found. Hotaling was interviewed by a deputy sheriff the same day. He had in his possession a $20 bill, a $5 bill and two $1 bills.

Mrs. Chaney's purse was recovered by the officers with the money still in it, including the roll of pennies. The roll of pennies and the roll of nickels found in the car each had stamped on the wrapper the name of the Creslane Grade School and they were otherwise identified as the school's property. There was also evidence that in addition to the pennies and silver already referred to a $20 bill and two ones were missing from the cash register of the Creslane Grade School.

The evidence shows that entry to each of the school buildings had been gained by breaking an outer door and that the drawer of the cash register in the school's office had been pried open and the money in it, some thirty-three or thirty-four dollars, removed. The door of a file cabinet in the office had also been pried open and the petty cash kept there taken. Unsuccessful attempts had been made to pry open the door of another room in the Creslane School and the door of a safe in the Creswell School.

Expert testimony of Robert W. Pinnick, an Oregon State Police Officer assigned to the crime detection laboratory, University of Oregon Medical School, tended to show that one of the screwdrivers was used in forcing open the drawer of the cash register and another was used in an attempt to force open the door of another room in the Creslane School building as well as the drawer of the cash register and that the third screwdriver was used in the attempt to force open the door of a safe in the Creswell School.

The court instructed the jury as to the burden upon the state to produce evidence corroborating the testimony of an accomplice. The court did not instruct that Mrs. Chaney was an accomplice and we need not pass upon that question. Assuming that she was, the

evidence is ample to satisfy the requirement of ORS 136.550 that the testimony of an accomplice must be "corroborated by other evidence that tends to connect the defendant with the commission of the crime." Entirely apart from Mrs. Chaney's testimony, there is evidence that the defendant had in his possession both the fruits of the crime and the instruments used in its commission.

The motion for a directed verdict of acquittal was properly denied.

██ The evidence of the burglary at the Creswell Upper Elementary School was received over the objection of the defendant that in a criminal prosecution evidence of crimes other than that charged in the indictment is not admissible. The ruling is assigned as error. We think that the evidence was properly admitted under one of the recognized exceptions to the general rule, to wit:

> "When a crime has been committed by the use of a novel means or in a particular manner, evidence of the defendant's commission of similar offenses by the use of such means or in such manner is admissible against him, as tending to prove the identity of persons from the similarity of such means, or the peculiarity of the manner adopted by him." *State v. O'Donnell,* 36 Or 222, 226, 61 P 892.

As stated in 22A CJS 786, Criminal Law § 688:

> "In any case, * * * evidence of other offenses is admissible to prove a common scheme, plan, or the like under appropriate circumstances, and generally is admissible where such other offenses are the same as, or similar to, the crime charged, and are closely connected therewith in character, and manner, and are likewise closely connected thereto in place and time * * *."

*State v. LaRose,* 54 Or 555, 558-559, 104 P 299, illustrates the foregoing principle.

■ An assignment of error challenges the court's denial of the defendant's motion to stay the proceedings "until a new jury panel was chosen." The ground of the motion was that previously the defendant had been tried in the district court for Lane county on the charge of driving while under the influence of intoxicating liquor and that the jury in that case was selected from the same circuit court panel as the jury in the instant case. Reliance is placed upon the language of the court in *State v. Wilson,* 221 Or 602, 604, 351 P2d 944:

> "Wilson was jointly indicted with one Shafer, whose case is decided today. Wilson's trial followed by one week the trial of Shafer before the same jury panel after all jurors who had served in the Shafer trial had been excused by the court. We do not approve the practice followed, but no timely exception was taken. A fresh jury panel is less likely to be infected with undisclosed prejudgment that [sic] one having just completed a celebrated companion case."

The motion to stay the proceedings was not made until after the voir dire examination of the jurors was completed and counsel for the defendant had announced that the defendant was satisfied with the jury. The defendant had two peremptory challenges left which he did not choose to exercise. The court itself raised the question before any motion was made. In the *Wilson* case we held that, since the defendants took no exception, the question was not before the court. Here counsel for the defendant frankly admitted in response to a question from the court that it came to him as no surprise that the jury would be selected from the same panel which furnished the

jurors for the trial of the prior case. We agree with the trial judge that in these circumstances the motion came too late. It was rather in the nature of a challenge to the panel which is not permitted in this state, ORS 17.115. See *State v. Nagel,* 185 Or 486, 511, 202 P2d 640. Moreover, in the *Wilson* case the court was concerned with a prior trial of a co-defendant on the same charge and in which the evidence "was similar in many respects," not to a prior trial of the same person on an entirely different charge. The court in the *Wilson* case spoke of a "celebrated companion case." There is no companion case here and nothing to suggest that either case is entitled to the appellation "celebrated." The assignment of error is without merit.

■ Hotaling was called as a witness for the state and refused to testify or be sworn or to affirm. The court, after fully explaining to him his rights and warning him of the consequences of his recalcitrancy, found him in contempt, remanded him to the custody of the sheriff and fixed the time for passing sentence at nine o'clock the following morning. Counsel for the defendant moved for a mistrial on the ground that the incident had prejudiced the jury against the defendant. He stated: "The inference is obviously that his testimony would be in opposition to the defendant." He did not assign as a ground of his motion the fact that the court had found Hotaling guilty of contempt in the presence of the jury, though in his brief this is argued. The objection was to the conduct of Hotaling, not to the action of the court. The district attorney stated to the court that he had never talked to Hotaling and did not know what he would say if he took the witness stand. No misconduct can be imputed to the district attorney and he acted clearly within his rights in producing Hotaling as a witness. It is true that

contempt proceedings in the presence of the jury may be unduly injurious to the rights of the accused. Illustrations are given in 23 CJS 1035, Criminal Law § 995, which is cited by the defendant, as where such proceedings would be likely "to convey to the jury the judge's opinion of the accused's guilt or of the credibility of witnesses, or to intimidate witnesses subsequently called." Nothing that the judge did in this case could have had such an effect. In the case of *State v. Proud,* 74 Idaho 429, 262 P2d 1016, cited by the defendant, the circumstances were entirely different from those with which we are here dealing. They were such that the court thought that the action of the trial judge in finding a witness for the defendant guilty of contempt of court discredited the testimony of the witness in the eyes of the jury. Nothing of that sort is involved here. Denial of the motion for a mistrial was well within the discretion of the court below. Cf. *Hays v. Herman,* 213 Or 140, 145, 322 P2d 119, 69 ALR2d 947; *State v. Otten,* 234 Or 219, 380 P2d 812.

The evidence for the state was all but conclusive of the defendant's guilt, and there was no evidence to the contrary. We find no error and the judgment is affirmed.