Argued November 6, 1964, affirmed March 24, 1965

STATE ex rel MIETZNER v. JOHNSON

400 P. 2d 254

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

McALLISTER, C. J.

This is a habeas corpus proceeding brought by petitioner to test the legality of his arrest upon a warrant for extradition to Washington. The trial court discharged the writ and petitioner has appealed.

The governor of Washington issued a requisition to the governor of Oregon demanding the rendition of petitioner as a fugitive from a charge of burglary committed in Kitsap county. The governor of this state honored the requisition and issued a warrant of arrest and warrant of rendition, pursuant to which the petitioner is held in custody by the defendant.

On January 20, 1964 petitioner filed his petition for a writ of habeas corpus, in which he alleged *inter alia* that he was "not a fugitive from justice and was not in the State of Washington at the time the alleged crime was committed in the State of Washington." A writ was issued, returnable on January 31, 1964. At the appointed time petitioner was brought into court and defendant appeared by counsel. Petitioner's counsel did not appear and at petitioner's request the hearing was continued until February 7, 1964. On February 7, 1964 the petitioner appeared again in person and this time his counsel was present. After the defendant had offered the requisition of the State of Washington for petitioner's arrest, and the governor's warrant of arrest and extradition, petitioner's counsel moved that the hearing be postponed until February 18, 1964 on the ground that "the hearing involves witnesses with respect to his [petitioner's] alibi, and one of these witnesses, I regret to say, just

became incarcerated in the Vancouver, B. C., jail."
The petitioner offered no evidence, made no offer of
proof or any attempt to comply with ORS 17.050,①
and the court denied the continuance. After some
colloquy between the court and counsel, to which refer-
ence will be made hereinafter, the court then entered
a judgment discharging the writ and remanding peti-
tioner to the custody of defendant for delivery to the
proper agent of the State of Washington. From that
judgment the petitioner appeals.

■■ We think the only issue before us is whether
the trial court abused its discretion in refusing to post-
pone the hearing beyond February 7, 1964 as requested
by defendant. In view of the total lack of any showing
as to what evidence, if any, the petitioner expected to
obtain if the hearing was postponed, we can only hold
that the trial court did not abuse its discretion. See
*State v. Otten,* 234 Or 219, 380 P2d 812 (1963), and
cases therein cited. It is true that the trial court
advised petitioner's counsel that he would not consider
any evidence tending to prove petitioner's alibi, i. e.,
that petitioner was not in the demanding state at the
time of the alleged crime. We think this anticipatory
ruling of the trial court did not excuse petitioner from
filing an "affidavit showing the materiality of the
evidence expected to be obtained, what diligence [had]

---

① ORS 17.050. "A motion to postpone a trial on the ground of
the absence of evidence shall only be made upon affidavit showing
the materiality of the evidence expected to be obtained, what
diligence has been used to procure it, and the name and residence
of the witness or witnesses. The court may also require the mov-
ing party to state upon affivadit the evidence which he expects
to obtain, and if the adverse party thereupon admit that such
evidence would be given, and that it be considered as actually
given on the trial, or offered and overruled as improper, the trial
shall not be postponed. The court, when it allows the motion,
may impose such conditions or terms upon the moving party as
may be just."

been used to procure it, and the name and residence of the witness or witnesses." No explanation was given for the failure to offer the testimony of the petitioner. For aught we know, if this matter were sent back for further hearing, the petitioner would be unable to produce any evidence material to any issue in the case.

We are satisfied that the court did not abuse its discretion in refusing to postpone the hearing, and we affirm the judgment of the trial court.