Argued October 27, affirmed December 8, 1965

# STATE OF OREGON *v.* ANDERSON
## Cr. 3375
### 408 P. 2d 212

*Paul A. Thalhofer,* Pendleton, argued the cause and filed a brief for appellant.

*Richard Courson,* District Attorney, Pendleton, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Lusk and Schwab, Justices.

DENECKE, J.

The defendant appeals from a conviction of being a felon in possession of a concealed weapon.

Defendant's first assignment of error is that the trial court erred in denying his motion for acquittal. One ground for the motion was that the state had not proved that the defendant was a previously-convicted felon. The defendant was indicted as "Bobby Ray Anderson." The state introduced a Texas conviction of "Bobby Anderson." The state also introduced a sheriff's identification card on which the defendant signed his name, "Bobby Anderson." The card also states that the defendant's address is Dennison, Texas.

We hold there was evidence from which the jury could find that the defendant was the Bobby Anderson who was convicted in Texas. *State v. Byrd,* 240 Or 159, 400 P2d 522 (1965).

The defendant also contends that proof of the alleged Texas conviction was faulty in that the certified copy of the judgment of conviction does not indicate that the judgment was signed by the court. Texas is one of those jurisdictions in which the failure of the judge to sign the judgment of conviction does not affect its validity. *McGowen v. State,* 163 Tex Crim 587, 290 SW2d 521, 524 (1956).

■ Defendant contends that the state failed in its proof because it did not prove that the crime for which defendant was supposedly convicted in Texas was a felony. The crime was attempted rape and the sentence was not less than two years and not more than three years in the penitentiary. Texas has the same law as Oregon, i.e., crimes punishable by confinement in the penitentiary are felonies. Tex Pen Code (Vernon 1952) art 47. The trial court apparently took judicial notice of Texas law and properly instructed the jury that attempted rape is a felony.

Defendant also contends that there was no evidence that he was in possession of any concealed weapon. Two witnesses for the state testified that they saw the defendant carrying a brown bag. About 10 to 30 minutes after the witnesses saw the defendant with the brown bag, a brown bag was found under a building near the place where the defendant was seen carrying the bag. When the bag was found and opened it had a revolver in it. While the witnesses could not be absolutely certain that the bag in evidence was the same bag that they saw defendant carrying, they were almost positive. The defendant's two companions were never seen in the location where the bag was found or carrying the brown bag.

■ This was sufficient evidence to enable the jury to find that the defendant had been in possession of a concealed weapon.

■ Over defendant's objection the entire contents of the brown bag were received into evidence along with the brown bag itself. In addition to the revolver, the bag contained bottles and vials of various narcotics and devices to administer narcotics. These were prejudicial to the defendant and may have been evidence

of the commission of another crime, i.e., illegal possession of narcotics. However, we hold their admission was not error.

The state contends that it is always permissible to introduce the contents of a receptacle if the receptacle itself is admissible. We need not pass upon that contention because the contents were admissible as relevant evidence upon the issue of whether the brown bag introduced into evidence was the same as that carried by the defendant.

One of the state's witnesses testified that while he was watching the defendant carry a brown bag, the defendant dropped the bag and a square bottle dropped out and the defendant picked up the bottle and put it back in the bag. This witness then identified one of the bottles in the bag as the kind of bottle he saw drop out of the bag defendant was carrying. There were five bottles in the bag which could be considered square; all contained some kind of narcotics. The contents of the bag were relevant evidence.

Affirmed.