Argued October 27, 1965, affirmed January 12, 1966

# STATE OF OREGON *v.* ANDERSON
## Cr. 3376
### 409 P. 2d 681

*Paul A. Thalhofer,* Pendleton, argued the cause and filed a brief for appellant.

*Richard J. Courson,* District Attorney, Pendleton, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Lusk and Schwab, Justices.

LUSK, J.

Defendant has appealed from a conviction of possession of a narcotic drug, to wit: Morphine sulphate.

■ The defendant is the same Bobby Ray Anderson whose conviction of being a felon in possession of a revolver was affirmed on December 8, 1965, *State v. Anderson*, Cr. 3375, 242 Or 186, 408 P2d 212. The circumstances of the defendant's arrest are the same as in the other case. It is shown that the defendant, while on the premises of a restaurant and service station establishment, was carrying a brown leather valise, referred to in the testimony as a "bag." A clear bottle of capsules containing nembutal (not a narcotic) fell out of the bag and the defendant put the bottle back. Within a few minutes thereafter, the bag was discovered in a place of concealment on the same premises. In addition to the bottle of capsules there were also in the bag several small bottles and vials containing morphine sulphate, devices for administering narcotics, and a revolver. A jury could readily infer that the bag found in the place of concealment was the same bag which the defendant was seen carrying a few minutes before, that its contents were the same, and that the defendant had disposed of it in order to avoid the charge on which he was arrested. The defendant moved for a directed verdict. For the reasons stated in Cr. 3375, the motion was properly denied.

■ The defendant assigns error to the overruling of his objection to testimony that a revolver was found in the bag. The ground of the objection is that the evidence was "highly prejudicial" and irrelevant. In this court it is argued that the evidence was inadmissible because it tended to show the defendant guilty of another distinct offense not connected with the crime charged. The assignment of error presents the converse of the similar question in Cr. 3375, where it was contended that the evidence regarding narcotics

tended to show the defendant guilty of another crime. We held in that case that the evidence was admissible as tending to identify the bag. It is argued here by the state that under the present record possession of the revolver by the defendant was not a crime, since it does not appear, as in Cr. 3375, that the defendant is an ex-convict. It may be, however, that carrying the pistol in the bag was a violation of ORS 166.240, which makes it a misdemeanor for anyone to carry a firearm concealed about his person. Assuming this to be so, and that admission of the revolver in evidence was therefore error, we hold that it is not ground for reversal. When the evidence was received the court instructed the jury that the contents of the bag had "no bearing upon this case other than the particular items which are incident to the charge involved here." The guilt of the defendant was conclusively proved and this court is admonished both by the constitution and statute to disregard errors which do not substantially affect the rights of a party. We think that the revolver could have had no effect whatever upon the verdict in this case.

■ Defendant excepted to an instruction in which the court told the jury, in substance, that it is a defense to the charge upon which he was being tried if he had a lawful written prescription for the narcotic of a physician, dentist, etc. The giving of this instruction, it is argued, was tantamount to a comment by the court on the defendant's failure to testify for the reason that, as counsel for the defendant said in taking his exception, "there was no defense in the case" and it spoke of a prescription being a defense. It is true that there was no defense—the defendant did not testify and called no witnesses—and since all the evidence showed that the defendant was guilty of the

crime charged, it would be difficult to see how in any case the instruction could be considered prejudicial, even though erroneous. So far from being a comment on the defendant's failure to take the stand, the instruction gave the defendant the benefit of a possible defense to which he was not entitled under the evidence and was more favorable to him than the evidence warranted.

■ Error is assigned to the court's denial of defendant's motion for a continuance based on the ground that some of the members of the jury panel who might be selected as jurors had been in the courtroom during the voir dire examination of prospective jurors in two previous cases in which the defendant was charged with crimes at the same term of court. The motion was made when the case came on for trial and was denied on the grounds that it was not timely, that a Special Panel had been called to supplement the regular jury panel and that counsel for defendant would have an opportunity on the voir dire examination to ascertain if any of the panel had any knowledge of the prior cases or for any other reason were not qualified to act as jurors. What was said with reference to a similar question in *State v. Wilson,* 221 Or 602, 604, 351 P2d 944, was not intended to lay down an inflexible rule depriving the trial judge of all discretion in passing upon a motion for continuance. See the comment on *State v. Wilson* in *State v. Howell,* 237 Or 382, 388, 388 P2d 282.

Included in the transcript is the voir dire examination by counsel for defendant of four prospective jurors, none of whom disclosed any knowledge of the defendant or his previous trials. All were passed by the defendant for cause. So far as appears, only one of these persons was selected to serve as a juror and

he testified on the voir dire that he was not in the courtroom "during the previous trial of Mr. Anderson." There is nothing to show that any juror who actually sat in the case either knew or had heard anything about the defendant or his difficulties with the law before the trial. The court did not abuse its discretion in denying the motion for a continuance.

Over objection of the defendant on the ground of insufficient identification, the court admitted in evidence the brown leather bag with its contents, which had been delivered by a State Police Officer to Lt. Boyes of the State Police, who is a chemist and Director of the Oregon State Crime Laboratory in Portland. It is not contended that there is any deficiency in the proof of the identity of the articles up to this point. Lt. Boyes testified that in collaboration with Mrs. Sweeney, his assistant, he tested the contents of four bottles in the bag and found that they contained morphine sulphate. After making the test Lt. Boyes entrusted the bag and its contents to Mrs. Sweeney for use in a preliminary hearing at Corvallis, Oregon. Mrs. Sweeney had the property in her custody for one day and after its return to the crime laboratory Lt. Boyes reran his tests. Mrs. Sweeney did not testify and the contention of the defendant is that there is a break in the chain of evidence required to show that the articles which came originally into Lt. Boyes' hands are the same articles which were offered and received in evidence. We think the contention cannot be sustained. Lt. Boyes, upon receiving the articles, marked each of the bottles containing morphine sulphate with a number and, as a witness, identified the bottles by reference to such numbers. The only possible objection, therefore, to the admission of the evidence is that the contents of the bottles might have

been tampered with while they were in Mrs. Sweeney's custody and that she was not called as a witness to establish that this had not occurred.

■ It may be conceded that, ordinarily, when an object is taken from the defendant for the purpose of testing and passes through the hands of several persons a foundation for its admission into evidence must be laid by the testimony of each person who had possession or custody of the article: 2 Wharton's Criminal Evidence (12th ed) 586, § 665. But this is not an inexorable rule of law and the ultimate question always is whether the proof shows with reasonable certainty that the article offered is the identical article taken from the accused. That question is addressed in the first instance to the sound discretion of the trial judge.

■ This case is not unlike that of *Gallego v. United States,* 276 F2d 914 (9th Cir.), a prosecution for the unlawful importation of marijuana. Between the time that a chemist for the United States Customs Service tested the contents of a paper sack, which he found to be marijuana, and the trial, the articles were in a safe, the combination to which was known only by a deputy collector of customs and the acting deputy collector. The acting deputy was not called as a witness and the defendant, in support of his contention that the "chain of custody" was not complete, argued that "the court drew the impermissible conclusion that the acting deputy collector, who knew the combination of the safe but was not called as a witness, did not change or tamper with the evidence." In rejecting this contention the court said:

> "Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such ob-

ject is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415.

"The jury, of course, is free to disregard such evidence upon its finding that the article was not properly identified, or that there has been a change in its nature.

"The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion. No abuse of discretion was shown here."

See, also, *Breeding v. State,* 220 Md 193, 199, 151 A2d 743.

We think that the trial judge in the present case could reasonably conclude that the contents of the bag had not been tampered with, and there was no abuse of discretion in his ruling.

The judgment is affirmed.