Argued June 10, affirmed September 5, 1968

STATE OF OREGON, *Respondent, v.*
SAMUEL MORRIS BROWN,
*Appellant.*
44 P. 2d 957

*George A. Haslett, Jr.*, Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer*, Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

The defendant was found guilty of burglary not in a dwelling, and appeals.

The defendant was arrested without warrant in Lake Oswego, early in the morning of August 18. The arresting officer had probable cause to believe that the defendant had stolen electrical wire from a Lake Oswego shop earlier in the morning. After the arrest the officer searched the defendant and in his coverall pocket found a pair of wire cutters which the officer seized. "Gross Electric" was scratched on the cutters. Although the officer was not then aware of it, electric wire had been stolen from Gross Electric in Portland four days earlier.

The present charge is for the burglary of Gross Electric. Defendant moved to suppress the use of the wire cutters as evidence. The trial court denied the motion. We agree that the motion was properly denied.

The defendant is not contending that the arrest and search was illegal; rather, he urges that the seizure was illegal as the officer did not have probable cause to believe the wire cutters were "contraband" because the officer did not know about the Gross Electric burglary. Therefore, argues defendant, according to *State v. Elkins*, 245 Or 279, 422 P2d 250 (1966), the cutters could not be seized lawfully.

■ The officer did, however, have probable cause to believe that the wire cutters had been used in stealing from the Lake Oswego concern the wire which the officer observed in the back of defendant's truck. That is sufficient to justify the seizure. Upon a search incident to arrest the officer can seize items which he has probable cause to believe were used in the commission of a crime. *State v. Chinn*, 231 Or 259, 266, 373 P2d 392 (1962). *State v. Elkins*, supra (245 Or 279), is in accord. In addition, the officer testified that the cutters could be used as a weapon and we deem this a reasonable opinion. Items which can reasonably threaten the safety of the officers can be seized.

■ The defendant also assigns as error the admission into evidence of wire found in the possession of the defendant which was similar to the kind of wire taken from Gross Electric but which could not be identified as the identical wire which was taken from Gross Electric. The defendant objected to the evidence upon the ground of insufficient identification.

The owner of Gross Electric testified that wire is somewhat fungible and that precise identification is impossible. However, he further testified that the wire

found in defendant's possession contained several sizes and types taken from Gross Electric. Under these circumstances the evidence is admissible. We need not pass upon the question of whether such evidence alone would be sufficient to substantiate a conviction as there were other items taken from Gross Electric which were found in defendant's possession.

■ The defendant assigns as error the trial court's admission of evidence that the defendant may have committed other crimes. The evidence was that a construction shack next to Gross Electric had been burglarized the same night as Gross Electric and that bolt cutters had been stolen. These bolt cutters were found in defendant's truck. This evidence was relevant on the charge against defendant and was admissible. *State v. Howell,* 237 Or 382, 386, 388 P2d 282 (1964).

Affirmed.