Argued February 27, affirmed March 19, petition for rehearing
denied April 12, petition for review denied June 19, 1973

STATE OF OREGON, *Respondent, v.*
LEON R. JOHNSON (No. 9350),
*Appellant.*
507 P2d 828

52

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This appeal is from conviction of burglary in the second degree of a truck repair shop. ORS 164.215.[1] Defendant was indicted jointly with one Nolte.

The principal claimed error relates to receipt in evidence over defendant's objection of a padlock and a paper which had written upon it the results of a motor inspection done on the defendant's blue Datsun pickup by state police. Another assignment of error is that the evidence was insufficient to sustain the jury verdict.

Trial of defendant was had separately from that of Nolte. Evidence was: During the night hours of July 9-10, 1972 a truck repair shop immediately east of Prineville, Oregon was broken into by cutting the U-shaped clasp from the padlock on the building with

---

[1] Defendant was also convicted on another count in the same indictment of theft in the first degree (ORS 164.055) with reference to property stolen in the burglary. The trial court properly sentenced only for burglary. State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

bolt cutters. Numerous tools, most of them in two metal boxes weighing 300 to 400 pounds, were stolen. During the same night a nearby dairy plant was also broken into and a padlock was cut away from a gasoline pump at the dairy. There were tire marks at the repair shop. A state policeman testified they matched wheel width and tire marks of defendant's pickup. Scrapings of red paint taken from the inside of the pickup cargo area were shown by crime laboratory tests to match that of some of the tools and a tool box. The stolen tools and tool boxes were recovered in Nolte's home in Prineville two days after the burglary. The padlock from the dairy plant gasoline pump was found behind the cab in defendant's pickup.

The checklist from the police inspection to which objection was made by defendant bore the name of defendant's brother, the inspection was dated several weeks earlier and was for defendant's pickup. It was crumpled up, consistent with having been sat upon in a vehicle seat, and was found under the gasoline pump at the dairy plant two days after the burglary. The defendant's objections to the padlock and paper were that they were irrelevant and prejudicial because they tended to connect defendant with another crime than that charged. Evidence was that bolt cutters were found in Nolte's house at the same place the stolen tools were found, and crime laboratory tests showed they were identical with the bolt cutters which cut the padlock from the repair shop but similar tests could not show what the instrument was that damaged the lock from the dairy plant.

When one of the police officers who investigated the burglaries had completed his direct testimony, he was cross-examined at length by defendant's counsel.

The last subject of cross-examination was outside the scope of direct examination and was as follows:

"Q * * * Did you have occasion to talk to Mr. Johnson's wife?
"A Yes, I did.

"Q Did she indicate to you where Mr. Johnson was on the night in question?
"A Yes, she did.

"Q Where was that?
"A She advised that they, Mr. Johnson and Nolte, had went to town to get some beer and had came home. Best as I recall.

"Q A short trip, is that what she indicated?
"A Yes."

Another officer later testified to a conversation he had with defendant two days after the burglary, in which defendant was first properly advised of his rights. He related that defendant said that on the night of the burglary he was with his wife and Nolte at his home, that he and Nolte went to a tavern for a beer and came right back home. This officer also testified to a conversation he had with defendant's wife. No objection was made to the hearsay testimony. The wife had said she was up several times during the night in question, and defendant and Nolte were home all night except "a few minutes" for the tavern run.

Neither the defendant, Nolte nor defendant's wife took the witness stand for the defense.

■ The evidence was admissible for two reasons. First, it was relevant against defendant as showing a common plan or scheme in the two burglaries which were closely related in time and place. In *State v. Brown,* 251 Or 126, 444 P2d 957 (1968), and *State v. Howell,* 237 Or 382, 388 P2d 282 (1964), evidence of

other burglaries on the same night near the subject burglary was held admissible. In the former, the court said:

"* * * The evidence was that a construction shack next [door] had been burglarized the same night * * * and that bolt cutters had been stolen. These bolt cutters were found in defendant's truck. This evidence was relevant * * * and was admissible * * *." 251 Or at 129.

■ Second, defendant departed without objection from the scope of permissible cross-examination of the first police officer in order to get into evidence statements defendant's wife had made to the police officer which, if true, would exonerate defendant. By this method, the wife was not subjected to cross-examination, and later her statements were expanded in the other officer's testimony. The fact that the padlock and the checklist could support a jury inference that the trip defendant and Nolte made was more than "short" made it relevant evidence. There is no merit to this assignment of error.

■ The overall evidence which we have reviewed above provides a sufficient factual basis upon which a reasonable person could find beyond a reasonable doubt that defendant was guilty. *State v. Jefferson,* 9 Or App 314, 319-20, 496 P2d 35 (1972).

Affirmed.