Argued June 20, affirmed July 16, petition for rehearing denied
August 23, petition for review allowed November 13, 1973

STATE OF OREGON, *Respondent, v.*
HAROLD R. ESTLICK (No. C-52317),
*Appellant.*
511 P2d 1250

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was charged with the crime of obtaining money by false pretenses in violation of ORS 165.205.[①] He was convicted following a jury trial and placed on probation for a period of three years. This appeal raises two assignments of error. First, defendant contends that the trial court erred in allowing the state to rehabilitate and sustain the credibility of one of its principal witnesses in its direct examination before the defendant had attempted to impeach him. Second, defendant contends that the court erred

---

[①] This constituted the third count of a nine page indictment. Two of the remaining three counts were removed from the jury's consideration and the defendant's conviction on Count I for conspiracy was vacated.

in permitting evidence to be introduced of crimes similar in nature to the crime at bar.

With regard to the first assignment of error, there was evidence that one of the state's principal witnesses, Evans Smith, was an accomplice of defendant. He testified as to defendant's involvement in a scheme to defraud insurance companies by means of false insurance claims. In the course of its direct examination of the accomplice the state made repeated reference to factors which might tend to show motives for the witness's testifying, and then proceeded to negate those factors. For example, the state brought out in its direct examination of the witness that no threats had been made by the district attorney's office with regard to his testifying against defendant, and also that there were no promises regarding the bringing of charges against the witness's wife in the event that he decided to testify or not to testify. These questions were objected to by defense counsel as an impermissible attempt by the state to buttress the credibility of its witness before any attempt had been made to impeach him.

■ The general rule is that the party who calls a witness cannot bring out potentially impeaching facts and then attempt to rehabilitate the witness during the witness's direct testimony. *State v. Herrera,* 236 Or 1, 8, 386 P2d 448 (1963); 98 CJS 349, 485-86, Witnesses §§ 471, 544; McCormick, Evidence 102, § 49 (hornbook series 2d ed 1972).

■ However, we are not dealing in this case with an unimpeached witness. This particular witness, as an accomplice, was impeached as a matter of law before he took the stand. ORS 17.250 (4) provides that a trial court must instruct the jury that "the

testimony of an accomplice ought to be viewed with distrust * * *" and ORS 136.550 provides that "[a] conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. * * *" This legislatively mandated suspicion of accomplice testimony makes it only logical that the state should have the opportunity to dispel that suspicion by laying the circumstances before the finder of fact. There was no error in admitting such evidence. *See State v. Van Hooser,* 11 Or App 146, 151-52, n 2, 501 P2d 78 (1972), *affirmed* 266 Or 19, 511 P2d 359 (1973).

With regard to defendant's second assignment of error, we note the loss for which the fraudulent claim charged in the indictment was submitted occurred on June 21, 1967, and that the procedure utilized for consummating the crime was for Evans Smith to submit the claim and then to pay the defendant a portion of the proceeds. Another of the losses concerning which testimony was introduced at defendant's trial occurred on January 30, 1967, and the remaining two losses which were testified to occurred on October 2, 1967. In all three of these cases, the procedure utilized was precisely the same as that used in the case charged in the indictment, viz., Evans Smith submitted a fraudulent claim and paid the defendant a portion of the proceeds realized.

The general rule in this area is, of course, that evidence of other crimes is inadmissible if offered solely to besmirch the character of the accused, but there are numerous legitimate purposes for which evidence of other crimes may properly be introduced. One of these well-recognized purposes is to show the evidence

of a common plan or scheme. As stated in McCormick, Evidence 448-49, § 190 (hornbook series 2d ed 1972), such evidence is admissible

> "[t]o prove the existence of a larger continuing plan, scheme, or conspiracy, of which the present crime on trial is a part. This will be relevant as showing motive, and hence the doing of the criminal act, the identity of the actor, and his intention, where any of these is in dispute." (Footnote omitted.)

*See also: State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972); *State v. Brown,* 251 Or 126, 444 P2d 957 (1968); *State v. Howell,* 237 Or 382, 388 P2d 282 (1964); *State v. Johnson,* 13 Or App 51, 507 P2d 828, Sup Ct *review denied* (1973).

■ The evidence of the other transactions was admissible in this case to show the existence of a common scheme.

Affirmed.