The court granted the state's motion, concluding that "[e]vidence of defendant's interference with [K] of her making a report is relevant to prove intent and hostile motive"
*286 because the incident involving K and the telephone was similar to the charged incident and "[e]vidence of defendant's assaultive behavior against [S] is relevant to prove intent" because the incident involving assault of S was similar to the charged incident. However, the court also limited the evidence of defendant's violence against S and K to descriptions of the incidents that resulted in convictions.
At trial, the state presented testimony from K and S recounting the events that led to defendant's convictions and the fact that he had been convicted. As noted above, the jury acquitted defendant of attempted second-degree assault and convicted him of the other six charges.
On appeal, defendant assigns error to the court's admission of evidence of his prior acts against S and K. He argues that the evidence of his conduct against S and K "was not relevant to defendant's mental state other than by *286 showing his propensity to commit acts of domestic violence." In defendant's view, the evidence was not admissible under the doctrine of chances because, as he argued below, his conduct against S and K was not similar enough to the charged conduct to satisfy the Johns test. Nor was it admissible as evidence of "hostile motive," he argues, because prior acts can show "that a hostile relationship existed between the defendant and the victim" only when "the misconduct and the charged crime involve[ ] the same victim." (Emphasis in defendant's brief.) Defendant also contends that the trial court erred in failing to conduct OEC 403 balancing on the prior acts evidence that it admitted.[4] The state responds that the evidence was admissible on both the doctrine-of-chances theory and the hostile-motive theory and that defendant's OEC 403 argument is not preserved.
As a preliminary matter, we note that is not clear from the record that the trial court admitted the evidence regarding S under the hostile-motive theory. As noted, the state argued that the evidence regarding both S and K was admissible under both the doctrine of chances and a hostile-motive theory. The record does not reveal any analysis by the trial court that would have caused it to treat the evidence regarding defendant's conduct against S differently from the evidence regarding defendant's conduct toward K. Moreover, the court instructed the jury the same way with respect to all of the evidence. However, as explained above, the court's order states that the evidence regarding K is "relevant to prove intent and hostile motive," but the evidence regarding S is "relevant to prove intent."
Nevertheless, even if the trial court did not admit the evidence regarding S under a hostile-motive theory, the parties litigated that theory in the trial court, and we *287 agree with the state that its hostile-motive argument presents an appropriate alternative basis on which to affirm. Cf. State v. Lovaina-Burmudez , 257 Or. App. 1, 14, 303 P.3d 988, rev. den. , 257 Or. App. 1, 303 P.3d 988 (2013) (discussing circumstances in which appellate court will address an alternative basis to affirm that was raised below but not decided by the trial court. As explained below, we conclude that, under existing case law, the evidence was admissible to show defendant's "hostile motive" toward the victim. Thus, even assuming, without deciding, that the trial court erred in admitting the evidence under the doctrine of chances, we affirm.
We review a trial court's decision to admit evidence of other acts under OEC 404(3) for legal error. Wright , 283 Or. App. at 168, 387 P.3d 405. The hostile-motive theory of admissibility is a subspecies of motive in general. Id. at 171, 387 P.3d 405 (addressing *287 evidence of the defendant's prior threat against the victim of a domestic assault as evidence of the defendant's motive); see also State v. Clarke , 279 Or. App. 373, 385, 379 P.3d 674 (2016) (hostile-motive evidence is evidence of motive). Motive is one of the nonpropensity purposes listed in OEC 404(3) for admission of evidence of other crimes, wrongs, or acts.
"Motive is a cause or reason that moves the will and induces action, an inducement which leads to or tempts the mind to commit an act. Motive is a relevant circumstantial fact that refers to why a defendant did what he did[.]" State v. Hampton , 317 Or. 251, 257 n. 12, 855 P.2d 621 (1993) (internal quotation marks, citation, and alteration omitted). "To determine whether evidence of a prior act is relevant to show the defendant's motive to commit the charged act, we look to whether the state has showed 'some substantial connecting link between the two acts.' " Wright , 283 Or. App. at 171-72, 387 P.3d 405 (quoting Turnidge , 359 Or. at 451, 374 P.3d 853 (some internal quotation marks omitted)).
In Moen , the defendant was convicted of the aggravated murder of his wife and her mother. 309 Or. at 47, 786 P.2d 111. On direct review in the Supreme Court, he challenged the trial court's admission of evidence that, approximately three weeks before the murders, the defendant had pushed his wife and threatened to kill her, her mother, and her son, and had pointed a shotgun at his wife and her son. Id. at 65-66, 786 P.2d 111.
*288 The Supreme Court explained its conclusion that the evidence was admissible under OEC 404(3) in two slightly different ways. First the court explained that "a defendant's prior hostile acts toward a homicide victim or toward a class of persons to which the victim belongs" is relevant "to the issue of a hostile motive, which in turn is probative of intent." Id. at 68, 786 P.2d 111.[5] "Evidence that shows a hostile relationship existed between a defendant and his victim tends to shed light on a defendant's mens rea ." Id. That is, evidence that the defendant and the victim had a hostile relationship around the time of the crime suggests that the defendant committed a crime against the victim because he or she was angry with the victim. See Clarke , 279 Or. App. at 385, 379 P.3d 674 (evidence of the defendant's threat against the victim made a week before the murder "tended to show that defendant's animosity toward the victim was so strong that he was moved to engage in violence against [the victim]").
Second, the court relied on a statement that it had made in Johns , a case in which the court's reasoning was based on the doctrine of chances. The Moen court stated:
"In Johns , this court permitted the introduction of evidence of the defendant's attempt to kill a different spouse six years earlier because the evidence tended to prove that 'when similarly agitated in a domestic setting defendant will act violently and intentionally.' 301 Or. at 551, 725 P.2d 312. In parallel fashion, the same inferences may be drawn in this case concerning defendant's mental state during the killings from evidence that shows defendant's intentional reaction under similar circumstances."
Moen , 309 Or. at 69, 786 P.2d 111. Unlike the court's first explanation of its conclusion that the disputed evidence was admissible, *289 the second explanation suggests a reason for why the defendant committed the crime that rests on an inference about what the defendant tends and intends to do in certain circumstances, rather than an explanation of what might have motivated his actions based only *288 on the circumstances surrounding the charged crime.
In Yong , we relied on the Moen court's second explanation of its reasoning to hold that evidence of the defendant's prior assaults of the victim and, critically to our analysis here, a former wife, was admissible under OEC 404(3). After quoting the material from Moen discussed above, we held that the reasoning behind the second explanation from Moen "applies with equal force in this case." Yong , 206 Or. App. at 542, 138 P.3d 37. After noting that the defendant and the state disagreed about whether the defendant or the victim had been the aggressor in the altercation on the day in question, we explained as follows:
"[At trial,] it was the state's theory that defendant had, in fact, been the aggressor, that he assaulted the victim as he had done in the past, and that the victim changed her story out of fear of retaliation. Here, as in Johns and Moen , the proffered evidence was admissible because it tended to prove that 'when similarly agitated in a domestic setting defendant will act violently and intentionally.' [ Moen , 309 Or.] at 69, 786 P.2d 111."
Yong , 206 Or. App. at 542, 138 P.3d 37.
Thus, in Yong , we held that evidence of a defendant's assault against a former wife was admissible under OEC 404(3) to show his "hostile motive" against a different victim because it showed that he tended to intentionally engage in violence against his domestic partners. Defendant does not argue that Yong was wrongly decided. Under Yong , the evidence of defendant's conduct against S and K was admissible to show that defendant tended to act violently against his girlfriends.[6]
*290 To the extent that defendant contends that, even if the evidence of his conduct against S and K was relevant to show his "hostile motive" to assault the victim, the court erred in admitting it because it was not similar enough to the charged conduct under the analysis set out in Johns , we note that we recently held that "[e]vidence offered to prove intent by showing the defendant's motive is not subject to the Johns analysis." State v. Tena , 281 Or. App. 57, 70, 384 P.3d 521 (2016), rev. allowed , 360 Or. 752, 388 P.3d 721 (2017) (explaining reasoning of Turnidge , 359 Or. at 436, 374 P.3d 853 ). Nor does defendant suggest any other analysis of similarity that should be required before admission of evidence to show a defendant's hostile motive towards his girlfriends. In the absence of argument on that question, we decline to consider it here.
Finally, we briefly address defendant's argument that the trial court erred in failing to conduct balancing under OEC 403 before admitting the disputed evidence. Defendant contends that his argument before the trial court that the court "should go through 403 [balancing] specifically on [acts] that are uncharged or that type of thing because you need to take a look at whether or not they can be proven" amounted to a request for the court to conduct balancing before admitting any of the state's proffered evidence. We disagree. Defendant requested OEC 403 balancing on "[acts] that are uncharged or that type of thing." He did not request balancing on the evidence that the court did admit, which, as explained above, was exclusively evidence regarding incidents that resulted in convictions. Consequently, he did not preserve an argument for balancing on the evidence that was admitted. Nor was the court's failure to conduct OEC 403 balancing plainly erroneous. See, e.g. , Tena , 281 Or. App. at 74-75, 384 P.3d 521 (failure to conduct OEC 403 balancing not plainly erroneous because it is not clear that the court must conduct it in the absence of a request).
Affirmed.

Defendant also asserts that the trial court erred in admitting the evidence of defendant's prior acts because the procedural prerequisites of State v. Leistiko , 352 Or. 172, 282 P.3d 857, adh'd to as modified on recons , 352 Or. 622, 292 P.3d 522 (2012), were not met. After this case was argued, the Supreme Court clarified that those prerequisites apply only when the evidence is admitted to prove intent under a doctrine-of-chances theory of relevance. State v. Turnidge (S059155) , 359 Or. 364, 445, 374 P.3d 853 (2016), cert. den. , --- U.S. ----, 137 S. Ct. 665, 196 L.Ed.2d 554 (2017). Consequently, our conclusion that the evidence was admissible to show "hostile motive" answers that contention; the trial court did not err in failing to follow the procedural prerequisites of Leistiko .

In support of that reasoning, the court cited the following cases:
"State v. Wong Gee , 35 Or. 276, 57 P. 914 (1899) (defendant's threat to shoot third party over a gambling game in which deceased participated four days prior to homicide admissible in murder prosecution); State v. Finch , 54 Or. 482, 488-89, 103 P. 505 (1909) (defendant killed deceased because of the latter's zeal in prosecuting charges against defendant for disbarment; 'all evidence of whatsoever nature tending to throw light upon the relations existing between the accused and the deceased and the feeling between them is competent'); State v. Klamert , 253 Or. 485, 455 P.2d 607 (1969) (defendant's prior threats against 'young cops' on several occasions over one-month period preceding crime held properly admitted to prove intent in prosecution for assault with intent to kill police officer)."

We express no opinion on whether, or how, evidence that a defendant tends to act violently against his domestic partners, offered to show that he intentionally acted violently against a domestic partner on the charged occasion, can be distinguished from evidence of the defendant's character offered "in order to show that the [defendant] acted in conformity therewith." OEC 404(3). We did not explain the distinction in Yong ; moreover, as noted, defendant does not ask us to overrule Yong in this case.