Argued April 4, affirmed May 17, 1967

JOHN HAROLD HOWELL, *Appellant, v.*
GLADDEN, *Respondent.*
427 P. 2d 978

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant, and appellant filed briefs *in propria persona.*

*Helen B. Kalil,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

A prisoner appeals from a judgment dismissing his petition for postconviction relief. The facts concerning his burglary conviction are set forth in *State v. Howell,* 237 Or 382, 388 P2d 282 (1964).

The issue tried in the postconviction proceedings below was whether the defendant had been convicted in part by the use of illegally seized evidence. The officer, while arresting the prisoner for drunk driving, seized a roll of coins and burglars' tools from the automobile. These exhibits (and others) were used by

the state in convicting the prisoner. The postconviction court held, on the merits, that the seizure of the questioned exhibits had been proper. We do not review that ruling, because this is not an appropriate case for a collateral attack upon the conviction.

The alleged Fourth Amendment issue was not asserted in the brief in the original appeal, but was asserted and decided on petition for rehearing. On appeal, an assignment of error challenged the receipt in evidence of the same exhibits, on the ground that the exhibits tended to prove the prisoner guilty of other crimes. The exhibits, or some of them, tended to prove that the prisoner and his companions had broken into two school buildings during the same night. We held, however, that the evidence was not thereby rendered inadmissible. *State v. Howell,* supra.

In a brief supporting a petition for rehearing, the prisoner, by then having dismissed his attorney and acting as his own attorney, argued for the first time that the seizure of the burglars' tools and other exhibits constituted a violation of his Fourth Amendment rights. He contended that his arrest was illegal and that the incidental search was therefore also illegal. (In addition, he contended that certain exhibits later taken from his automobile under a search warrant were not properly described in the warrant.) His principal contention, however, was that his arrest for drunk driving was a sham, and that everything the police did thereafter was infected with illegality. He asserted that he was arrested solely for the purpose of an exploratory search, and that the exploratory nature of the arrest was conclusively established by the fact that he was subsequently acquitted of the drunk-driving charge.

In due course, this court considered all of the prisoner's above-described contentions, and denied rehearing. While the denial may have been influenced in part by the tardiness of the new assertions and in part by their lack of support in the record, the denial of relief constituted a judicial determination that his contentions were without merit. The prisoner now attempts to avoid the *res judicata* effect of the denial of his petition for rehearing by arguing that he was without counsel on his petition for rehearing.

■ We dispose first of the prisoner's contention that our decision on his petition for rehearing is not final because he was without counsel when that decision was rendered. Whether or not the prisoner had dismissed his attorney before he filed his petition for rehearing, the crucial fact is that the assertion of an illegal search and seizure was presented to this court and was decided. That decision is final under the express terms of ORS 138.550(2), which reads as follows:

> "When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to his lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

In addition to the finality of the denial of rehearing in the direct appeal because the question was de-

cided, ORS 138.550(2) provides a further reason for denying postconviction relief in this case. Even if there had been no petition for rehearing, the statute bars the litigation of a question that could have been raised on appeal and was not raised by an appellant represented by counsel. The statute undoubtedly proceeds upon an assumption that counsel on appeal will argue on behalf of a client any substantial question of law that may be argued in good faith.

Where an appeal is taken and a question of law is not presented, one of two explanations is possible: (a) counsel did not recognize the existence of the question; or (b) counsel did recognize the point but did not deem it meritorious enough to make it an assignment of error. Since there is no basis for a presumption that attorneys representing criminal defendants are incompetent, it is likely that the Legislative Assembly intended to treat questions not presented by counsel on appeal as waived.

■ The postconviction remedies under ORS ch 138 were not intended to provide a second trial of every criminal case in which a disappointed convict, with a new lawyer, a new theory, and new ideas about trial strategy, might think the first trial (and appeal) was not properly conducted by his counsel. See *Benson v. Gladden,* 242 Or 132, 407 P2d 634 (1965), cert. denied, 384 US 908, 86 S Ct 1345, 16 L Ed 2d 360 (1966); *State v. Abel,* 241 Or 465, 406 P2d 902 (1965).

Oregon's postconviction statute was intended to provide a procedure by which prisoners who claim to have been denied substantial due process may obtain judicial determination of their allegations of fact and legal decision upon constitutional issues that for various reasons were not or could not have been raised on direct appeal. See *Delaney v. Gladden,* 232 Or 306,

374 P2d 746 (1962), cert. denied, 372 US 945, 83 S Ct 940, 9 L Ed 2d 970 (1963).

◼ Granting that appellate review of the constitutional issue as a matter of right depended upon a timely objection at the trial, *State v. Avent,* 209 Or 181, 302 P2d 549 (1956), appellate review as a matter of discretion was available had it been sought. Rule of Procedure 46, Oregon Supreme Court. We are satisfied that under traditional notions of the attorney-client relationship and the effect of waiver by counsel the Fourth Amendment point was waived by counsel in the prior history of this case.

The present attempt to disregard the finality of the original conviction therefore would require little discussion if it were not for the case of *Henry v. Mississippi,* 379 US 443, 85 S Ct 564, 13 L Ed 2d 408 (1965). In that case, the court held that if counsel through ignorance of the law failed to protect a vital constitutional right, and the prisoner thereby lost his right of appeal, the prisoner would not be bound by counsel's conduct of the trial and could challenge the conviction collaterally.

◼ Assuming that in a proper case *Henry v. Mississippi* would entitle a prisoner to a *de novo* trial on the issue of the legality of his arrest, search, and the resulting seizure of evidence, there is nothing in the present record to show that counsel at the original trial made a mistake of the kind described in the *Henry* case. Whether or not the search was legal was perhaps arguable. The question in *Henry v. Mississippi* apparently had an obvious answer. Accordingly, the election not to object to the evidence in the instant case does not appear to have been an obvious failure on the part of counsel to protect his client's rights, and the case does not, therefore, require another factual

inquiry as was ordered in *Henry v. Mississippi.* Indeed, as we have seen, the prisoner in the case at bar did not lose any right to raise his question on appeal, and in fact asked for and obtained a ruling on his question. The situation here is more nearly like that involved in our own case of *Haynes v. Gladden,* 245 Or 487, 422 P2d 679 (1967), where council did not make a timely motion to suppress evidence because the prisoner had not told counsel of facts that would cause an attorney to make such a motion.

Since the court below need not have considered the question on the merits, we express no opinion on the correctness of its decision. We affirm for the reason that the question presented below was barred by ORS 138.550(2).

Affirmed.