John Harold HOWELL, Appellant,

v.

Hoyt C. CUPP, Warden, Appellee.

No. 24648.

United States Court of Appeals,
Ninth Circuit.

May 20, 1970.

Richard A. Edwards (argued), Portland, Or., for appellant.

Thomas Denney (argued), Asst. Atty. Gen., Lee Johnson, Atty. Gen., Helen B. Kalil, Asst. Atty. Gen., Jacob B. Tanzer, Sol. Gen., of Salem, Or., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal by John Harold Howell from the dismissal of his petition for a writ of habeas corpus. Petitioner was convicted of burglary not in a dwelling at jury trial in the Lane County, Oregon, Circuit Court in 1963. His conviction was affirmed by the Oregon Supreme Court. State v. Howell, 237 Or. 382, 388 P.2d 282 (1964). After exhausting state remedies,[1] Howell petitioned the District Court for a writ of habeas corpus. Following an evidentiary hearing, the petition was dismissed on June 18, 1969,

1. Howell v. Gladden, 247 Or. 138, 427 P.2d 978 (1967).

and Howell now appeals from that dismissal.

■ Howell's sole contention on appeal is that the warrantless search of the interior and trunk of his automobile and the seizure of items therein which were introduced as evidence at trial violated the Fourth and Fourteenth Amendments to the Constitution which forbid federal or state governments from convicting one of crime by using evidence obtained from him by unreasonable searches and seizures. Boyd v. United States, 116 U.S. 616, 630, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The facts of the search are as follows: On November 19, 1962, at 4:00 a. m., petitioner was stopped by Lane County, Oregon, deputy sheriffs while driving a car in an irregular manner. He was asked to get out of the car and when he had done so he was given a sobriety test. The result of this test caused the officers to arrest him for driving under the influence of intoxicating liquor. Contemporaneous with the arrest the officers shone their flashlights into the car and found, in plain view, a bottle of wine, a roll of nickels, and a screwdriver with fresh paint on its tip.[2] They retained the bottle as evidence of drunk driving,[3] the nickels for safekeeping for petitioner, and the screwdriver as they suspected it had been used in a burglary. They also opened the trunk and observed tools but did not seize them. After taking Howell to the police station, the officers noticed that the roll of nickels was stamped with the name of a nearby school. A call to the school revealed that it had been burglarized on the previous day. They arrested Howell for burglary and, obtaining a search warrant, they seized the tools from the truck of Howell's car.

The District Court found as follows:

"Petitioner claims that the affidavit in support of the search warrant was defective because the officer was relying on his knowledge of the articles unlawfully seized or seen in order to obtain a warrant to seize those very items. Petitioner argues that the search and seizure at the time of the arrest was unlawful because it went beyond the scope of an arrest for driving under the influence of alcohol.

"We may assume that petitioner's contention is correct with regard to the tools in the trunk of the car. Nevertheless, the roll of nickels alone was sufficient to support the warrant and I find that it was properly in the possession of the police. The coins were discovered during a search reasonably incident to petitioner's arrest. The officers, believing the coins were petitioner's property, held them for him. While the coins were in the possession of the police, they learned their source. This knowledge amply supported the subsequent warrant and search."

■ We agree. Petitioner does not challenge the validity of his arrest for drunk driving. It has long been established that officers, while arresting a person in a motor vehicle, may conduct a warrantless search of that vehicle in order to find and seize weapons, fruits and instruments of the crime and evidence connected with the crime "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). See also Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Chimel v. California, 395 U.S. 752, 764 n. 9, 89 S.Ct. 2034, 23

2. The trial judge made no express finding as to whether the screwdriver was in plain sight. There was positive testimony by the police that it was in plain sight. Appellant testified that he did not know whether it was in plain sight or not. On appeal, appellant does not claim that the screwdriver was not in plain sight, nor does he contradict the government's statement that it was.

3. This seizure is not in issue here as the bottle was not admitted into evidence at petitioner's burglary trial.

L.Ed.2d 685 (1969); Call v. United States, 417 F.2d 462, 465–466 (9th Cir. 1969).

 Appellant relies upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). On the facts of the present case we believe *Preston* supports the decision of the trial court and is not in conflict with it. There were two other persons in the automobile at the time of this arrest, a factor which emphasized the need for an immediate search both to prevent the destruction of evidence of the offense and to look for weapons or other items which might be used to assault the officers. We also consider that the arresting officer, in the course of such a search, may seize valuables belonging to the arrested person for safekeeping if such items are in the plain view of the officer and the arrested person has been or is about to be taken into police custody. *See* Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Thus, the officers had a right to seize the roll of nickels for safeguarding. It is immaterial that the nickels were unrelated to the crime for which petitioner was arrested. Harris v. United States, 331 U.S. 145, 154–155, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Creighton v. United States, 132 U.S.App.D.C. 115, 406 F.2d 651 (1968). *See also* Abel v. United States, 362 U.S. 217, 239, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Massey v. United States, 358 F.2d 782, 785 (10th Cir. 1966), cert. denied, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966).

We conclude that the seizure of the roll of nickels from the inside of petitioner's car was reasonable under the Fourth and Fourteenth Amendments. The roll of nickels and knowledge of the burglary constituted probable cause to later arrest petitioner for burglary and to obtain a search warrant to search the trunk of his car.

We need not determine the reasonableness of the warrantless search of the trunk of petitioner's car at the time of arrest or the seizure of the screwdriver. Even assuming that this search

and seizure was violative of the Fourth Amendment the search warrant was not invalidated by inclusion of illegally-obtained evidence in the supporting affidavit. The affidavit contained other valid allegations sufficient to establish probable cause. Chin Kay v. United States, 311 F.2d 317, 321 (9th Cir. 1962); United States v. Sterling, 369 F.2d 799, 802 (3d Cir. 1966). Here, there was sufficient evidence (the roll of nickels) to support a finding of probable cause which was not obtained as a result of an unlawful search and seizure and could not be said to be fruit of the poisonous tree. *See* Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Wade v. United States, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

The judgment is affirmed.