**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Emory WOODS, Jr., Defendant-Appellant.**

**No. 72–1275.**

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1972.

Certiorari Denied Dec. 4, 1972.
See 93 S.Ct. 544.

Alan L. Isaacman, Atty. (argued), John K. Van de Kamp, Atty., Los Angeles, Cal., for defendant-appellant.

Lawrence W. Campbell, Asst. U. S. Atty. (argued), Darrell W. MacIntyre, Eric A. Nobles, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HAMLEY and CHOY, Circuit judges.

HAMLEY, Circuit Judge:

Emory Woods, Jr. appeals from his conviction on all five counts of an indictment charging that, on September 8, 1971, Woods unlawfully had in his possession the contents of five letters, addressed to five different individuals, which letters, as Woods knew, had been stolen from the mail, in violation of 18 U.S.C. § 1708. Five-year concurrent sentences were imposed.

On appeal, Woods first raises three search and seizure questions, one pertaining to the contents of a wallet in Woods' possession, and the other two pertaining to items taken from Woods' automobile.

On the morning of September 8, 1971, Los Angeles police officer Harold L. Hastain stopped Woods for driving part way into an intersection against a red light. Woods told Hastain that he had no driver's license and had no other identification with him. He gave his name as William L. Brown. Hastain thereupon issued Woods a citation, in the name of William L. Brown, for entering an intersection against a red light and for driving without a driver's license.

Hastain next contacted headquarters over his radio and was told that there were seven traffic warrants outstanding in the name of William L. Brown. When Hastain told Woods he had received this information, Woods denied that there were any traffic warrants outstanding for him. Hastain then observed the outline of what appeared to be a wallet in Woods' left rear pants pocket. Woods was not wearing a jacket. At Hastain's insistence, Woods removed the wallet and thumbed through it for identification while under observation by Hastain.

Hastain thought he saw a driver's license in the wallet. When Woods again denied that he had a license, Hastain, without Woods' permission, took possession of the wallet and examined its contents. He found a driver's license with Woods' picture, but with the name of Lyle James Shryock. Hastain then called over his radio for a police car and placed Woods under arrest because of his failure to respond to the seven outstanding traffic warrants. When the police car arrived, Woods was handcuffed and placed in the police car.

Woods argues that the warrantless search for and seizure of the wallet was unreasonable and the trial court should have suppressed the document taken therefrom. While apparently recognizing the principle that a search of the person may be made for limited purposes incident to arrest (see Chimel v. California, 395 U.S. 752, 762–763, 89 S. Ct. 2034, 23 L.Ed.2d 685 (1969)), Woods argues that this principle is not applicable in the case of a mere traffic arrest. He cites United States v. Davis, 441 F. 2d 28 (9th Cir. 1971), and other cases.

■ As indicated above, Woods was not arrested for entering an intersection against a red light or driving without a driver's license. For those offenses he was only issued a citation. The arrest was for failing to respond to seven traffic warrants outstanding in the name of William L. Brown. Upon the basis of the information Hastain received over the radio from headquarters, Hastain had probable cause to make that arrest, notwithstanding the fact that it was later ascertained that the arrested person was not Brown, but Woods.

■ Assuming that the manner in which Hastain came into possession of the wallet amounted to a search and seizure, it was a search, and seizure of evidence, incident to the arrest of Woods on a substantial charge, and therefore permissible under the Fourth Amendment. See Chimel, supra, 395 U.S. at 763, 89 S.Ct. 2034, 23 L.Ed.2d 685. While this search and seizure was made immediately preceding the arrest, this is immaterial inasmuch as it was part of one continuous transaction and the existence of probable cause preceded the seizure. Buick v. United States, 396 F.2d 912, 915 (9th Cir. 1968).

■ After Woods was placed in the police car, Hastain entered Woods' vehicle, which was blocking a driveway, for the purpose of parking and securing it. On the front seat of this vehicle, in plain view, Hastain saw a notebook. He also saw, protruding one-half inch to one inch from the notebook, a greenish paper which appeared to Hastain to be a government check. Hastain pulled the protruding paper from the notebook and found it to be a government check. At the trial Hastain could not recall whether it was government check No. 72663281, introduced as exhibit No. 5, or government check No. 73386329, introduced as exhibit No. 6. After Hastain parked Woods' automobile, he opened the notebook and found therein seven additional papers, all of which were introduced in evidence. During this time, Woods was seated nearby in the police car.

Woods argues that the described warrantless search and seizures involving the notebook in his automobile were unreasonable because the arrest was for "a minor traffic offense."[1] As indicated above, the arrest was for a much more substantial offense. Thus, this search and these seizures, although made without a search warrant, were permissible as incident to Woods' arrest. *See* United States v. Berryhill, 445 F.2d 1189, 1192–1193 (9th Cir. 1971); Howell v. Cupp, 427 F.2d 36, 37–38 (9th Cir. 1970).

■ Woods argues that the confession obtained from him by Secret Service Agent James Delamore on September 10, 1971, should not have been admitted in evidence because it was "the fruit of the unlawful search and seizure" of Woods' wallet and notebook, and because it was obtained prior to Woods' arraignment, in violation of Rule 5(a), Federal Rules of Criminal Procedure, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

The first of these arguments is without merit because, as we have held, the search and seizures in question were lawful.

■ Before Woods gave his confession to Agent Delamore, he was given a full *Miranda* (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) warning. This operated to waive the requirements of Rule 5(a) and *Mallory*. See United States v. Lopez, 450 F.2d 169 (9th Cir. 1971). We need not decide whether, in the context of this case, the requirements of Rule 5(a) have been ameliorated by the 1968 enactment of 18 U.S.C. § 3501(c), a provision of the Omnibus Crime Control and Safe Streets Act of 1968. See United States v. Halbert, 436 F.2d 1226, 1230–1233 (9th Cir. 1970).

Affirmed.

CHAMBERS, Circuit Judge (concurring):

I concur, but I do not think we need to rely on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

In my view, after Woods identified himself as William L. Brown and then Woods denied any knowledge of William L. Brown traffic warrants, officer Hastain had a duty and a right to find out who his "Brown" was. And, I include in his right an insistence upon seeing the contents of the wallet and the notebook where traditionally identifying materials are found. The facts are not Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), but from it I get a message that will cover the facts of this case.

---

1. It is problematical whether the check which was protruding from the notebook was seized as a result of a search. Part of the check was in plain view.