**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Isaiah Eric MANDLEY aka "Cap" Canell,**
**Defendant-Appellant.**

**No. 74-1728.**

United States Court of Appeals,
Ninth Circuit.

Sept. 5, 1974.

Dennis E. Stenzel (argued), Portland, Or., for defendant-appellant.

D. Richard Hammersley, Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

### OPINION

Before MERRILL and GOODWIN, Circuit Judges, and WOLLENBERG,* District Judge.

MERRILL, Circuit Judge:

Defendant appeals from a conviction following a jury trial based on a two-count indictment which charged him with bank robbery and using a firearm to commit a felony. The bank robbery took place on September 21, 1973. On October 10, 1973, a federal John Doe indictment was issued. On December 26, 1973, defendant was arrested by state officials on a parole violation charge. After the defendant was in custody, state officials learned he was also wanted by the FBI and later a detainer was placed on him by the U. S. marshal. On December 28, 1973, defendant appeared with his state appointed counsel on the state parole violation charge. That hearing was reset to January 7, 1974, at which time disposition of the state charge was ordered suspended until after disposition of the federal charge.

On January 10, 1974, federal agents interviewed defendant after reading him his *Miranda* rights, which he waived by signed waiver. Defendant signed a confession following the two-hour interview. Defendant was brought before a magistrate on January 14, 1974, nineteen days after his initial arrest by state officers and seven days after his state hearing was suspended.

Prior to trial appellant moved to suppress the confession which had been obtained while he was incarcerated. Three grounds were asserted for suppression: (1) that the *Miranda* waiver signed by him was invalid; (2) that in violation of the spirit of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the confession was obtained in the absence of the attorney appointed for him by state court; (3) that the confession was obtained in the course of an undue delay in taking appellant before a magistrate. The motion to suppress was denied and that order is assigned as error on this appeal.

■ 1. With reference to the first ground of the motion to suppress, the district court found that "defendant was fully and fairly advised of his [*Miranda*] rights and he knowingly understood and voluntarily waived them; that the statement [confession] was not produced by threat or coercion * * *." There was ample evidence to support this finding in the proceedings on motion to suppress and we find no error in the district court's rejection of this ground for the motion.

■ 2. The district court rejected extension of *Massiah* to cover the situation where counsel is state appointed respecting a state offense and where *Miranda* warnings have acquainted the defendant with his right to the presence of counsel and where defendant voluntarily consents to proceed in the absence of counsel. We agree.

---

* Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

3. The district court rejected delay in bringing an arrested person before a magistrate as a ground for suppression in reliance on this court's decisions in United States v. Woods, 468 F.2d 1024 (9th Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 496 (1972), United States v. Lopez, 450 F.2d 169 (9th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 985, 30 L.Ed.2d 805 (1972), and United States v. Halbert, 436 F.2d 1226 (9th Cir. 1970). We agree.

Prior to enactment of 18 U.S.C. § 3501 appellant's contentions could well have had merit under Rule 5, Federal Rules of Criminal Procedure, and the Supreme Court decisions in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 37 L.Ed. 819 (1943), and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Section 3501 has, however, substantially changed the law. That section was discussed by this court in United States v. Halbert, *supra,* 436 F.2d at 1237. There we stated:

"We conclude that confessions given more than six hours after arrest during a delay in arraignment are admissible if voluntary, although the trial judge under subsection 3501(b) may take into account delay in arraignment in his determination of voluntariness. The district court here found Halbert's confession voluntary under subsection 3501(b). This conclusion of the district court was correct. The confession was given two days after Halbert's arrest and he was, as discussed above, given the *Miranda* warnings. There was no evidence that he was subjected to oppressive police practices prior to his confession or that the delay between arrest and confession contributed in any way to the confession."

In Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, 656 (1969), cert. denied, 397 U.S. 1058, 90 S.Ct. 1383, 25 L.Ed.2d 676 (1970), it was stated:

"We find that appellant, by validly waiving his *Miranda* right to silence and an attorney, and by agreeing to speak with the police, has thereby also waived any *Mallory* right to be brought before a magistrate 'as quickly as possible.' *Mallory, supra,* at 454, 77 S.Ct. 1356. Indeed, we had occasion recently to articulate this limitation that *Miranda* has effected upon the earlier *Mallory* decision. In short, we held that '[a] valid *Miranda* waiver is necessarily * * * also a waiver of an immediate *judicial* warning of constitutional rights' * * *.

Thus, in this case, we hold that appellant waived any *Mallory* claim to immediate arraignment by voluntarily agreeing to speak with the police. Accordingly appellant's statements, given during this period, were properly admitted into evidence."

In United States v. Lopez, *supra,* we approved *Pettyjohn,* and in United States v. Woods, *supra,* we followed *Lopez.*

Judgment affirmed.