GLENN ARTHUR GILBERT,
*Appellant,*
*v.*
CUPP,
*Respondent.*

(No. 116,896, CA A20230)

637 P2d 165

Michael E. Swaim, Salem, argued the cause and filed the brief for appellant.

William F. Nessly, Jr., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer,

Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by petitioner from a denial of post-conviction relief. The petition alleges violations of state and federal constitutional rights occurring during his criminal trial and seeks to set aside his conviction and have the case remanded for retrial. ORS 138.520.

Petitioner was convicted of murder by a unanimous verdict of an 11-person jury. During trial one member of the original 12-person jury fainted and was excused. Petitioner's attorney and the prosecutor agreed to try the case to the remaining 11 jurors. Petitioner's conviction was affirmed on appeal in *State v. Gilbert,* 31 Or App 747, 571 P2d 576 (1977).

■　Petitioner asserts as error the finding that he was not denied his Art 1, § 11 right to be convicted only by 12 jurors, the finding that no constitutional right was violated in trying the case to an 11-person jury absent a written waiver, the finding that petitioner knowingly waived his right to a 12-person jury, and the finding that no constitutional right was violated by alleged prejudice resulting from the juror fainting. Petitioner could have asserted these claims in his direct criminal appeal, and therefore they are barred by ORS 138.550(2). *See Howell v. Gladden,* 247 Or 138, 427 P2d 978 (1967); *Benson v. Gladden,* 242 Or 132, 137-38, 407 P2d 634 (1965).

■　Petitioner also asserts as error the finding that he was not denied effective assistance of counsel. On this claim, the evidence was that trial counsel's decision to proceed with the 11-person jury, as opposed to moving for a mistrial, was strategic — he felt the evidence produced to that point made a good case for a lesser-included offense, manslaughter. Petitioner asserts gross negligence in his counsel's not asking for a *voir dire* of the remaining jurors after the juror fainted. That would likely only have emphasized the gross nature of the killing, for the juror fainted from seeing photographs of the victim. Although perhaps on hindsight counsel should have examined the remaining jurors, we conclude that that was a tactical decision and not a lapse of professional skill and judgment. *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981).

Affirmed.