[No. B003116. Second Dist., Div. Five. May 8, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS ANTONIO LUEVANO, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Jonathan B. Steiner, Chief Assistant State Public Defender, and Thomas Bleauvelt, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William R. Weisman and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—Appellant Carlos Luevano was charged in three counts with sale of concentrated cannabis, possession for sale of concen-

trated cannabis, and possession for sale of cocaine. (Health & Saf. Code, §§ 11360, 11359, 11351.) The prosecution was based on a sale by appellant to an undercover officer and on additional contraband found in a search of appellant's residence pursuant to a telephonic search warrant. After denial of his motion to traverse the search warrant, appellant pleaded guilty to count one, sale of cannabis, the remaining two counts were dismissed, and appellant was granted probation on the condition, among others, that he spend six months in county jail. He appeals pursuant to Penal Code section 1538.5, subdivision (m).

Appellant contends that the officer applying for the telephonic search warrant made an intentional misstatement to the magistrate, and that therefore the warrant should have been quashed pursuant to *People* v. *Cook* (1978) 22 Cal.3d 67, 86-87 [148 Cal.Rptr. 605, 583 P.2d 130]. We reject this contention since even assuming there was an intentional misstatement, the *Cook* remedy has been modified by Proposition 8.

On July 16, 1982, Officer Spruill of the Glendale Police Department made arrangements through a confidential informant to buy a pound of hashish from appellant for $1,520 at the International House of Pancakes in Glendale, where, according to the informant, appellant regularly sold drugs. The undercover purchase took place that afternoon, appellant was arrested, and Officer Spruill applied telephonically for a warrant to search appellant's residence for additional contraband. In his recorded statement (Pen. Code, § 1526, subd. (b)), the officer described that afternoon's events to the magistrate as follows: "At approximately 1:15, in the afternoon, the suspect arrived at the International House of Pancake[] driving his vehicle. Your affiant was introduced to the suspect by the confidential informant, who then left the area. Your affiant entered the suspect's vehicle and was given a package—a blue paper bag. When your affiant opened this blue paper bag, I observed it to contain approximately one pound of what appeared to be hashish or concentrated [*sic*] cannibis [*sic*]. Your affiant then handed this male $1,520.00 in City-advanced funds. Your affiant observed this male to count the money and, while doing so, your affiant engaged this male in conversation. Your affiant asked this male if additional quantities of hashish were available; and that I would be interested in purchasing up to five (5) pounds a month. The male advised your affiant that he had readily large amounts of cocaine [*sic*] available to him; there would be no problem for any future purchases of hashish."

At the preliminary hearing and the superior court hearing on appellant's motion to traverse the warrant, however, the following additional facts were brought out: The informant entered appellant's vehicle with the officer. Appellant handed the blue paper bag to the informant who handed it to the officer. The informant left the vehicle. Officer Spruill opened the bag and

observed the hashish, paid appellant; and had the conversation with appellant about obtaining more drugs in the future. The officer further testified at the superior court hearing that he had not intended to mislead the magistrate; he thought it would not have lessened the showing of probable cause had he disclosed to the magistrate that the informant handed the bag to him, in light of the facts that the officer saw appellant hand the bag to the informant, the informant left before the deal was "consummated" by the payment of money, and the officer's discussion with appellant of future additional purchases formed the basis for inferring the likely presence of additional contraband at appellant's residence. The officer testified he had been trying to protect the confidential identity of the informant.

Appellant argued to the superior court that the officer's telephonic statement contained a deliberate "misstatement" within the meaning of *People* v. *Cook, supra,* calling for automatic quashing of the warrant. The trial court disagreed, finding "[t]here was no misstatement. At best there was an omission or, perhaps an inverted order, but I do not find that that is material at all, and I think the magistrate would have issued the warrant had the information come in in the sequence that defense counsel is suggesting that it should have, and so the motion is denied."

The distinction between a misstatement and an omission is significant because of the different rules applying thereto under California law. The rule of *People* v. *Cook, supra,* applies to "knowingly false statements of fact." (22 Cal.3d at p. 89.)[1] The Supreme Court held that where the affiant knowingly made false allegations, i.e., the affiant deliberately lied, the warrant must be quashed. No inquiry is made into the materiality of the particular fact falsely asserted or into the specific intent of the affiant to deceive the magistrate. (*Id.,* at p. 91.)

Different rules apply when the affiant has merely omitted a fact. In that case the defendant must first show the materiality of the omitted fact. If the omitted fact is material, different results depend on whether the omission was (1) reasonable, (2) negligent or (3) recklessly inaccurate or intentionally misleading. (*People* v. *Kurland* (1980) 28 Cal.3d 376, 387-388 [168 Cal.Rptr. 667, 618 P.2d 213].) If the affiant reasonably concluded that the omitted fact was privileged or immaterial, no sanction is imposed. If the affiant made a good faith but unreasonable decision that the fact need not be included, the reviewing court adds the omitted fact and retests the affidavit for probable cause. (*Id.*) If the affiant intentionally omitted the fact for the purpose of deceiving the magistrate or recklessly disregarded the

---

[1]For example, in *Cook* the affiant allegedly lied about making certain observations in plain sight through an open door. (22 Cal.3d at pp. 78-79.)

accuracy and completeness of the affidavit, the warrant is quashed, regardless whether the omission was material. (*Id.*, at p. 390.)

In the instant case the trial court concluded there was an omission rather than a misstatement, and upheld the warrant upon a *Kurland* analysis. We need not determine whether the record supports the trial court's conclusion.[2] ■ Even assuming that the officer made a deliberate misstatement within the meaning of *Cook,* or an intentional omission for the purpose of deceiving the magistrate or in reckless disregard of the accuracy and completeness of his statement within the meaning of *Kurland,* the drastic sanction imposed by those cases, quashing the warrant without regard to the materiality of the misstatement or omission, is inapplicable to this case. In both *Cook* and *Kurland,* the California Supreme Court devised that sanction explicitly upon the authority of the California Constitution. (*People* v. *Cook, supra,* 22 Cal.3d at p. 88; *People* v. *Kurland, supra,* 28 Cal.3d at p. 383, fn. 2.) The court acknowledged but rejected the contrary holding of the United States Supreme Court in *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674]. (*People* v. *Cook, supra; People* v. *Kurland, supra.*) The United States Supreme Court held that under the federal Constitution an allegation that an affidavit for a search warrant contained deliberate lies or recklessly disregarded the truth constitutes grounds for quashing the warrant only if the allegedly false statement was necessary to the finding of probable cause. (*Franks* v. *Delaware, supra,* 438 U.S. at pp. 155-156 [57 L.Ed.2d at p. 672].) If the affidavit otherwise contains facts sufficient to support a finding of probable cause, after the false information is "set to one side," no hearing on the alleged inaccuracies is required, and

---

[2]The statements made in support of the search warrant were technically true: The informant introduced the officer to appellant, the informant did leave the area, the officer "was handed" the bag. The officer's statement primarily involved an *omission* to state that appellant handed the bag to the informant who handed it to the officer. Such an omission may have been justified on the theory that if appellant made several sales that afternoon, disclosing the fact the informant was in the car with the officer might have tended to reveal the informant's identity. In *People* v. *Kurland, supra,* 28 Cal.3d at page 387, footnote 5, the Supreme Court stated: "It is well settled that defendant has no right to discover an informant's identity solely to attack a facially valid search warrant affidavit. That right arises only where defendant shows a reasonable possibility that informant is a witness to guilt or innocence. [Citations.] It follows that a warrant affidavit need not disclose details that reasonably would tend to reveal the informant's identity." On the other hand, arguably the officer affirmatively misstated that the informant "then" left the area. Furthermore, in explaining at the hearing that he had been attempting to protect the informant's identity, the officer testified he knew that if the informant was a percipient witness to the transaction his identity would have to be disclosed, but that if the informant left the area prior to the transaction, disclosure of his identity "would, I feel, have to be left up to the *magistrate* to rule on." (Italics added.) From this it might be inferred that the officer believed that if he told the magistrate the true facts the magistrate might make him disclose the identity of the informant. This belief may not have been legally correct (*People* v. *Kurland, supra*) but such a state of mind could support an inference that the officer intended to mislead the magistrate, although on an issue entirely collateral to probable cause.

the Fourth Amendment to the United States Constitution is satisfied. (*Id.*, at pp. 171-172 [57 L.Ed.2d at pp. 681-682].)[3]

The instant crime occurred on July 16, 1982, after the enactment of Proposition 8 by the voters of the State of California in June 1982. Proposition 8 is therefore applicable (*People* v. *Smith* (1983) 34 Cal.3d 251, 258 [193 Cal.Rptr. 692, 667 P.2d 149]), including its enactment of section 28, subdivision (d), to article I of the California Constitution, requiring that relevant evidence not be excluded in any criminal proceeding. As recently held by the California Supreme Court, this section abrogates the authority of California courts to create a judicial remedy of exclusion of evidence for violations of article I, section 13 of the California Constitution, to the extent that admission of the evidence is permitted by the United States Constitution. (*In re Lance W.* (1985) 37 Cal.3d 873, 884-890 [210 Cal.Rptr. 631, 694 P.2d 744].) Here, adding to the telephonic statement the fact of the informant's initial involvement would not in the slightest way negate the showing of probable cause already contained in the statement. Since the warrant in this case would be upheld under *Franks* v. *Delaware, supra,* it cannot be quashed under the authority of *People* v. *Cook, supra,* or *People* v. *Kurland, supra,* based on state constitutional grounds.

Appellant argues that even if section 28, subdivision (d), prevents exclusion of evidence on state constitutional grounds where the evidence would be admissible under the United States Constitution, that section "makes no pronouncements in the area of the dismissal of cases" and that this court, under its inherent judicial power, should fashion a new remedy which would require *dismissal* "of any case where the police officer engages in deliberate acts of lying, misstating or concealing evidence in search warrant affidavits." In light of the purposes of Proposition 8 as explained in *People* v. *Smith, supra,* and elaborated in *In re Lance W., supra,*[4] this contention is ludicrous. *Lance W.* explained that although the California Supreme Court had consistently viewed the exclusionary rule as the only effective means of deterring police misconduct in violation of search and seizure provisions of the federal or state Constitutions, "[t]he people have apparently decided that the exclusion of evidence is not an acceptable means of implementing those rights, except as required by the Constitution of the United States. . . . [T]hey have made their intent clear." (37 Cal.3d at p. 887.) As stated in the preamble to section 28, one of the purposes of its provisions is to implement the "basic expectation" of crime victims that criminals "will be

---

[3]In the case of improper *omissions,* the analogous remedy is to add and retest. (*Morris* v. *Superior Court* (1976) 57 Cal.App.3d 521, 526 [129 Cal.Rptr. 238]; *People* v. *Kurland, supra,* 28 Cal.3d at p. 388.)

[4]Appellant's opening brief was written before the *Lance W.* decision.

appropriately detained in custody, *tried by the courts,* and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance." (Cal. Const., art. I, § 28, subd. (a), italics added; *People* v. *Smith, supra,* 34 Cal.3d at p. 258.) Proposition 8 therefore enacted "'broad reforms in the procedural treatment of accused persons . . . .'" (*People* v. *Smith, supra.*) The voters have concluded that the exclusion of relevant evidence is too drastic a sanction to enforce state constitutional provisions. Obviously they did not intend the application of an even more drastic and arbitrary remedy of dismissal, regardless of lawfully seized or otherwise admissible evidence, contrary to the "basic expectation" that criminals be "tried by the courts."

The judgment (order granting probation) is affirmed.

Hastings, J., and Eagleson, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 31, 1985.